UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

'O'

## CIVIL MINUTES - GENERAL

| Case No. | 2:25-cv-07653-CAS-AGR | Date | December 8, 2025 |
|---|---|---|---|
| Title | Thomas Ryan et al. v. CSDS Asset Management, LLC et al. | | |

Present: The Honorable **CHRISTINA A. SNYDER**, United States District Judge

| Lesbith Castillo | Robin Herrera | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:   Attorneys Present for Defendants:

Gene Kyle Kaskiw   Lara Ruth Shapiro

**Proceedings:** ZOOM HEARING RE: DEFENDANTS' MOTION TO DISMISS COMPLAINT (Dkt. 14, filed on November 6, 2025)

## I.   INTRODUCTION

On August 14, 2025, plaintiffs Thomas Ryan ("Ryan") and Farrell Aviation Resources, LLC ("Far Aviation") (collectively, "Plaintiffs") filed this action against defendants CSDS Asset Management, LLC ("CSDS"), Benedict Sirimanne ("Sirimanne"), and Does 1-100 (collectively, "Defendants"). Plaintiff asserts a breach of contract claim against defendants. Dkt. 1 ("Compl.").

On November 6, 2025, defendants filed the instant motion to dismiss plaintiff's claim. Dkt. 14 ("Mot."). On November 17, 2025, plaintiff filed an opposition. Dkt. 16 ("Opp."). Defendants did not file a reply.

On December 8, 2025, the Court held a hearing. Having carefully considered the parties' arguments and submissions, the Court finds and concludes as follows.

## II.   BACKGROUND

Plaintiffs allege that Thomas Ryan resides in North Naples, Florida and that Far Aviation is a Florida limited liability corporation with a principal place of business in Naples, Florida that is engaged in the business of aircraft brokerage, along with other aviation-related services. Compl. ¶¶ 1-2. Plaintiffs allege that defendant CSDS Asset Management, LLC is a California LLC with a principal place of business in Rolling Hills Estates, California and that it is engaged in the business of, *inter alia*, aircraft lease,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

'O'

**CIVIL MINUTES - GENERAL**

| Case No. | 2:25-cv-07653-CAS-AGR | Date | December 8, 2025 |
|---|---|---|---|
| Title | Thomas Ryan et al. v. CSDS Asset Management, LLC et al. | | |

purchase and management services. Id. ¶ 3. Plaintiffs allege that Benedict Sirimanne resides in Rolling Hills Estates, California and is a principal of CSDS. Id. ¶ 4.

Plaintiffs allege that on or about February 26, 2024, after a period of negotiation, CSDS entered into a written agreement (the "Agreement") with plaintiffs in which CSDS agreed to pay plaintiffs a broker fee of $250,000 associated with the closing of an aircraft sale for which plaintiffs provided valuable brokerage services. Id. ¶ 7.

Plaintiffs allege that the subject of the transaction was a 2000 Airbus A340-313 jetliner in a "VIP configuration" which was formerly operated by the federal government of Germany, had a manufacturer's serial number of 355, and was registered with the Federal Aviation Administration ("FAA") as N577TA (the "Subject Aircraft"). Id. ¶ 8.

Plaintiffs allege that CSDS closed the transaction for the Subject Aircraft on February 28, 2024. Id. ¶ 9.

Plaintiffs allege that it entered into the Agreement with CSDS on February 26, 2024. Id. ¶ 10. Plaintiffs allege that the Agreement stated as follows: "Beneficiary [Far Aviation/Ryan] will receive a some (sic) of Two Hundred Fifty Thousand ($250,000) USD, at closing of the transaction between buyer and end user without any deductions or fees, to an account designated by the Beneficiary for Beneficiary's role in getting the transaction completed." Id. ¶ 12.

Plaintiffs allege that following the close of the transaction for the Subject Aircraft, Sirimanne paid plaintiffs the sum of $50,000 and promised the balance of $200,000 payable to plaintiffs by the end of March, 2024. Id. ¶ 13.

Plaintiffs allege that the Agreement was never modified in writing. Id. ¶ 14.

Plaintiffs allege that since the inception of the contract, they have made multiple written demands to CSDS for payment, but to date, the balance has not been paid. Id. ¶¶ 15-16.

### III. LEGAL STANDARD

A motion pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in a complaint. Under this Rule, a district court properly dismisses a claim if "there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" Conservation Force v.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

'O'

**CIVIL MINUTES - GENERAL**

| Case No. | 2:25-cv-07653-CAS-AGR | Date | December 8, 2025 |
|---|---|---|---|
| Title | Thomas Ryan et al. v. CSDS Asset Management, LLC et al. | | |

Salazar, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting Balisteri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. FDIC, 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). However, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); see Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will … be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

Unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); see Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

'O'

**CIVIL MINUTES – GENERAL**

| Case No. | 2:25-cv-07653-CAS-AGR | Date | December 8, 2025 |
|---|---|---|---|
| Title | Thomas Ryan et al. v. CSDS Asset Management, LLC et al. | | |

could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986).

## IV.   DISCUSSION

Defendants move to dismiss plaintiffs' breach of contract claim pursuant to Rule 12(b)(6). Mot. at 2. Defendants argue that plaintiffs fail to state a claim because plaintiffs did not attach the Agreement but explicitly incorporated it by reference in their complaint. Id. at 6. Moreover, defendants argue that "Plaintiffs also fail to set forth the entire [Agreement] verbatim in the [c]omplaint, and the related Letter of Intent ('LOI') 'from a seller introduced by the Beneficiary.'" Id.

Defendants argue that "[w]hen the entire [Agreement] is considered, it is clear that there is a *specific seller* who was contemplated under the Agreement, and that seller is identified in the accompanying LOI. Additionally, the Agreement contains a clause stating, 'If the above transaction does not close as expected or the Buyer and Seller fails to complete the transaction, this agreement becomes null and void with no further obligation from either party.'" Id. at 7. Defendants further state that "[t]he Agreement also specifies the price of the [Subject] Aircraft which is contemplated between the 'seller introduced by the Beneficiary' and CSDS and further identifies the Escrow Agent. (See, Exhibit A). The LOI identifies the Subject Aircraft, the Seller, and the Escrow Agent. (See, Exhibit B)." Id. Defendants argue that because "Plaintiffs do not allege … that the CSDS purchased the Subject Aircraft from the 'seller introduced by the Beneficiary' … the Agreement, by its own terms, is null and void." Id.

In opposition, plaintiffs argue that their complaint states a breach of contract claim: Plaintiff argue that their complaint alleges 1) the existence of an enforceable contract in which defendants agreed to pay plaintiffs a $250,000 broker fee at the close of defendants' acquisition of the Subject Aircraft, in exchange for plaintiffs' referral services; 2) plaintiffs performed under the contract specifically when Ryan introduced defendants to the Subject Aircraft opportunity that culminated in defendant's acquisition of the Subject Aircraft; 3) defendants breached the contract by refusing to pay the full balance under the contract; 4) plaintiffs suffered damages in the amount of $200,000— the outstanding balance owed to plaintiffs—plus interest. Opp. at 6.

Plaintiffs further argue that a motion pursuant to Rule 12(b)(6) is not the appropriate mechanism to resolve potential ambiguities of terms of the Agreement. See id. at 7. Moreover, plaintiffs argue that defendants cannot contend that the Agreement is

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

'O'

**CIVIL MINUTES - GENERAL**

| Case No. | 2:25-cv-07653-CAS-AGR | Date | December 8, 2025 |
|---|---|---|---|
| Title | Thomas Ryan et al. v. CSDS Asset Management, LLC et al. | | |

"null and void" because Sirimanne already submitted partial payment in partial performance of the Agreement following the close of defendants' acquisition of the Subject Aircraft. See id. at 7-8.

To prevail on a claim for breach of contract under California law, a plaintiff must establish "(1) the existence of the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to the plaintiff." Oasis W. Realty, LLC v. Goldman, 51 Cal. 4th 811, 821 (2011) (citing Reichert v. Gen. Ins. Co., 68 Cal. 2d. 822, 830 (1968)).

For reasons stated in plaintiffs' opposition, the Court finds that plaintiff has sufficiently alleged the necessary elements of a breach of contract claim against defendants. "The argument that a plaintiff must attach a copy of a contract or recite its terms verbatim in order to state a claim for breach of contract has been squarely rejected by California courts." Golden State Equity Invs., Inc. v. All. Creative Grp., Inc., No. 16CV1694-MMA (DHB), 2017 WL 1336842, at *4 (S.D. Cal. Apr. 7, 2017) (citations omitted). "Any dispute over the meaning of contractual terms is a question inappropriate for resolution at the motion to dismiss stage." UPPI LLC v. Cardinal Health, Inc., No. 21-35905, 2022 WL 3594081, at *2 (9th Cir. Aug. 23, 2022).

Accordingly, the Court **DENIES** defendants' motion to dismiss plaintiffs' breach of contract claim.

## V.   CONCLUSION

In accordance with the foregoing, the Court **DENIES** defendants' motion to dismiss.

The Court orders defendants to answer plaintiffs' complaint by January 9, 2026.

IT IS SO ORDERED.

|  | : | 04 |
|---|---|---|
| Initials of Preparer | | lca |